ELECTRONICALLY FILED
9/6/2013 1:52 PM
02-CV-2013-902091.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| PRIMARY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-2013-902091 |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., DEVIS, LTD D/B/A GUARANTEED RETURNS, INC., and FICTITIOUS PARTIES A-B, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that on the 6th day of September, 2013, the above-styled civil action was removed from this Court to the United States District Court for the Southern District of Alabama, Southern Division, by filing a Notice of Removal pursuant to 28 U.S.C. § 1441, et seq. A true copy of the Notice of Removal is attached hereto as **Exhibit A** and is incorporated herein by reference.

Pursuant to 28 U.S.C. § 1446(d), the filing of the attached Notice of Removal has effected the removal of the above-styled action, and the Circuit Court of Mobile County, Alabama, should proceed no further.

Respectfully submitted this 6th day of September, 2013.

JOSEPH P.H. BABINGTON (BAB004)
PATRICK C. FINNEGAN (FIN028)
*Attorneys for defendant Teva Pharmaceuticals USA, Inc.*

Of Counsel:

HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama  36652
Telephone: (251) 432-5521
Facsimile: (251) 432-0633
Email: jpb@helmsinglaw.com
        pcf@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2013, I served a copy of the foregoing pleading by filing it electronically with the Clerk of Court which will cause copies to be sent to all counsel of record who are registered to receive electronic service, and by sending the same via the United States Mail, properly addressed and first-class postage prepaid as follows:

Kathryn W. Drey, Esq.
JONES WALKER, LLP
254 State Street
Mobile, Alabama  36603

OF COUNSEL

Doc. 376481

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PRIMARY PHARMACEUTICALS, INC., | ) ) ) | EXHIBIT A |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number: CV-13-441 |
| TEVA PHARMACEUTICALS USA, INC., DEVOS, LTD D/B/A GUARANTEED RETURNS, INC., and FICTITIOUS PARTIES A-B, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Teva Pharmaceuticals USA, Inc. ("Teva"), by and through its undersigned counsel, and with full reservation of all rights and defenses, hereby removes this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, on the basis set forth below.

## INTRODUCTION

1.     Plaintiff Primary Pharmaceuticals, Inc. commenced this action on August 7, 2013 by filing the complaint in the Circuit Court of Mobile County, Alabama, where it was assigned case number 02-CV-2013-902091.00.

2.     Plaintiff claims that Teva, and co-defendants Devos, Ltd. d/b/a Guaranteed Returns ("Devos"), Fictitious Party A and Fictitious Party B, failed to provide it with a refund for "$279,102.90 of expired pharmaceutical product" that plaintiff purportedly returned. (Complaint, ¶ 13.)  In Count One of its complaint, Plaintiff seeks recovery of $279,102.90 from

all defendants under a theory of unjust enrichment/quasi contract. *Id.*, ¶¶ 18-24. In addition, plaintiff seeks damages of $272,102.90 (along with interest and costs) from Devos in Count Two ("Complaint on Covenant or Agreement"), and from all defendants in Count Three (conversion) and Count Four (quantum meruit). *Id.*, ¶¶ 25-36.

3.     As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. § 1441 because (1) Teva has satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1332 and 1441.

## TEVA HAS SATISFIED THE
## PROCEDURAL REQUIREMENTS FOR REMOVAL

4.     Plaintiff served the summons and complaint on Teva on August 8, 2013. Removal is, therefore, timely because fewer than 30 days have passed since Teva was served with the summons and complaint. 28 U.S.C. § 1446(b).

5.     Venue for removal is proper in this District and Division under 28 U.S.C. § 81(c)(2) because they embrace the Circuit Court of Mobile County, Alabama, the forum in which the action was filed and pending prior to removal. 28 U.S.C. § 1441(a).

6.     Teva is attaching hereto copies of any and all process, pleadings and orders served upon it in the state court action, and copies of all other documents in the state court file. *See* **Exhibit A**. Moreover, as required by 28 U.S.C. § 1446(d), Teva is serving a copy of this Notice of Removal on all adverse parties and filing a copy in the Circuit Court of Mobile County.

7.     28 U.S.C. 1446(2)(A) requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant Devos has not appeared in the case and Teva is without knowledge as to whether or not Devos has been served as of this filing but, in any event, Devos

2

has consented in writing to this removal.  *See* **Exhibit B.**[1]

**REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT
MATTER JURISDICTION UNDER 28 U.S.C. §§ 1441 & 1332**

8.     Removal is proper under 28 U.S.C. § 1441 and 1332 because (1) the plaintiff is diverse from each of the defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.     **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

9.     Plaintiff alleges that it "was a corporation organized and existing under the laws of the State of Alabama at the time of the transaction forming the basis of this Complaint." (Complaint, ¶ 2.)  On information and belief, plaintiff continues to be an Alabama corporation and has its principal place of business in the State of Alabama.  Thus, for diversity purposes, plaintiff is a citizen of the State of Alabama.  28 U.S.C. § 1332(c)(1).

10.     Plaintiff alleges that "Teva is a corporation organized and existing under the laws of the State of Delaware."  (Complaint, ¶ 3.)  At the time plaintiff commenced this action, and at all times since, Teva was, and is, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Pennsylvania.  Therefore, for diversity purposes, Teva is a citizen of the States of Delaware and Pennsylvania.  28 U.S.C. § 1332(c)(1).

11.     Plaintiff alleges that Devos "is a corporation organized and existing under the laws of the State of New York."  (Complaint, ¶ 4.)  At the time plaintiff commenced this action, and at all times since, Devos was, and is, a corporation organized and existing under the laws of the State of New York with its principal place of business located in the State of New York.  Therefore, for diversity purposes, Devos is a citizen of the State of New York.  28 U.S.C. §

---

[1]     Fictitious Parties A and B have not been served.  (*See* Exhibit A, state court file.)

1332(c)(1).

12.     Thus, diversity exists between the plaintiff and each of the defendants.[2]

**B.     THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

13.     As discussed above, plaintiff seeks recovery of $279,102.90 in Count One, and $272,102.90, plus interest and costs, in each of the remaining counts.

14.     Thus, the amount in controversy greatly exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Teva Pharmaceuticals USA, Inc. gives notice that the matter bearing civil action number 02-CV-2013-902091.00 in the Circuit Court of Mobile County, Alabama is removed to the United States District Court for the Southern District of Alabama, Southern Division, and requests that this Court retain jurisdiction over this matter.

Respectfully submitted this 6th day of September, 2013.

_____
JOSEPH P.H. BABINGTON (BABIJ7938)
PATRICK C. FINNEGAN (FINNP3533)
Attorneys for defendant Teva Pharmaceuticals USA, Inc.

Of Counsel:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama  36652
Telephone: (251) 432-5521
Facsimile: (251) 432-0633
Email: jpb@helmsinglaw.com
         pcf@helmsinglaw.com

---

[2]     Plaintiff has also sued Fictitious Parties A and B, but 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable [based on diversity of citizenship] under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2013, I served a copy of the foregoing pleading by filing it electronically with the Clerk of Court which will cause copies to be sent to all counsel of record who are registered to receive electronic service, and by sending the same via the United States Mail, properly addressed and first-class postage prepaid as follows:

Kathryn W. Drey, Esq.
JONES WALKER, LLP
254 State Street
Mobile, Alabama 36603

OF COUNSEL

Doc. 376397

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRIMARY PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number: CV-13-441 |
| TEVA PHARMACEUTICALS USA, INC., DEVIS, LTD D/B/A GUARANTEED RETURNS, INC., and FICTITIOUS PARTIES A-B, | ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

## EXHIBIT A

| State of Alabama Unified Judicial System  Form ARCiv-93    Rev.5/99 | **COVER SHEET CIRCUIT COURT - CIVIL CASE** (Not For Domestic Relations Cases) | Case Number: 02-CV-201  Date of Filing: 08/07/2013 | ELECTRONICALLY FILED 8/7/2013 2:19 PM 02-CV-2013-902091.00 CIRCUIT COURT OF MOBILE COUNTY, ALABAMA JOJO SCHWARZAUER, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF MOBILE COUNTY, ALABAMA
### PRIMARY PHARMACEUTICALS, INC. v. TEVA PHARMACEUTICALS USA, INC. ET AL

**First Plaintiff:** ☑ Business ☐ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

---

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawful Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

---

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:** PET043     8/7/2013 2:19:56 PM     /s/ KATHRYN DREY

---

**MEDIATION REQUESTED:** ☐ Yes ☐ No ☑ Undecided

ELECTRONICALLY FILED
8/7/2013 2:19 PM
02-CV-2013-902091.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| PRIMARY PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | CV - _____ |
| TEVA PHARMACEUTICALS USA, INC., DEVOS, LTD D/B/A/ GUARANTEED RETURNS, INC. and FICTITIOUS PARTIES A-B | ) ) ) ) ) | Plaintiffs Demand Trial By Struck Jury |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, PRIMARY PHARMACEUTICALS, INC. (hereinafter "Primary"), by and through its undersigned counsel of records, and, for its Complaint against Defendants, TEVA PHARMACEUTICALS USA, INC. ('Teva"), DEVOS, LTD. D/B/A GUARANTEED RETURNS, ("Guaranteed Returns") and FICTITIOUS PARTIES A and B avers as follows:

### PARTIES, VENUE AND JURISDICTION

1. The amount in controversy in this action exceeds $15,000.00

2. Primary was a corporation organized and existing under the laws of the State of Alabama at the time of the transaction forming the basis of this Complaint.

3. Teva is a corporation organized and existing under the laws of the State of Delaware. Teva was doing business in Alabama at the time of the acts complained of herein.

4. Guaranteed Returns is a corporation organized and existing under the laws of the State of New York. Guaranteed Returns was doing business in Alabama at the time of the acts complained of herein.

{MB092678.1}

5.      Fictitious Party A is any person or entity who/that received the returned pharmaceuticals originally returned by Primary to Guaranteed Returns and/or Teva.

6.      Fictitious Party B is any person or entity who/that received a refund and/or credit for the pharmaceuticals originally returned by Primary to Guaranteed Returns and/or Teva.

7.      Accordingly, venue and jurisdiction are proper in this Court.

## FACTS

8.      Primary was in the business of selling pharmaceutical product to consumers.

9.      Plaintiff regularly bought pharmaceutical product from numerous secondary sources, including Gulf Coast Pharmaceuticals.

10.     When the pharmaceutical products expired, plaintiff regularly submitted the expired pharmaceutical products to defendant Guaranteed Returns so that Guaranteed Returns, a reverse distributor, could return the product to the manufacturer for a issuance of a refund to Primary.

11.     Primary regularly received refunds through Guaranteed Returns from defendant Teva and other manufacturers in this manner.

12.     In exchange for providing this reverse distribution service, Guaranteed Returns charged Primary a percentage of the amount refunded by the manufacturer.

13.     On August 11, 2011, Primary submitted $279,102.90 of expired pharmaceutical product, particularly Cyproheptadine and Citalopram, to Guaranteed Returns for submission to Teva for a refund.

14.     Guaranteed Returns accepted the expired pharmaceutical product for return from Primary.

15.     Guaranteed Returns submitted the expired pharmaceutical product to Teva and, upon information and belief, Teva initially issued a credit to another company not affiliated with

Primary for the pharmaceutical product returned by Primary to Teva through Guaranteed Returns. Upon information and belief, said company was Anda, Inc. Upon information and belief, Anda, Inc. returned the credit to Teva.

16.     To date, Primary has not received a refund from any of the defendants from the pharmaceutical product returned by Primary to Teva through Guaranteed Returns nor has the product been returned to Primary.

17.     Upon written demand, defendant Teva has refused to issue Primary a refund for the returned pharmaceutical product.

## COUNT ONE
### (Unjust Enrichment/Quasi Contract – All Defendants)

18.     Plaintiffs hereby incorporate all allegations and averments of paragraphs 1 through 17 as if set out in full herein.

19.     Plaintiff returned the pharmaceutical product to defendants according to the usual and customary course of business by and between the parties.

20.     Defendants Guaranteed Returns and Teva accepted the pharmaceutical product from Primary in or about August 2011 with the understanding that Primary returned the product for a refund.

21.     The value of the returned pharmaceutical product was $279,102.90.

22.     To date, defendants still retain all $279,102.90 owed to Primary for the returned pharmaceutical product as well as the pharmaceutical product itself despite repeated demands by Primary for payment of the refund.

23.     The money held by defendants for the pharmaceutical product returned by Primary to defendants belongs in equity and good conscious to Primary.

24.     To prevent Defendants' unjust enrichment, Plaintiffs are due to recover from Defendants $279,102.90.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants in an amount necessary to prevent the unjust enrichment of Defendants, and any other relief which the Court deems appropriate.

**COUNT TWO**
**(Complaint on Covenant or Agreement –Defendant Guaranteed Returns)**

25.     Plaintiffs hereby incorporate all allegations and averments of paragraphs 1 through 24 as if set out in full herein.

26.     On or about August 11, 2011, Primary and defendant Guaranteed Returns entered into an agreement by which Primary agreed to submit the pharmaceutical product to Guaranteed Returns for return by Guaranteed Returns to Teva and Guaranteed Returns agreed to provide to Primary a refund in the amount of $272,102.90.

27.     On or about August 11, 2011, Primary submitted the pharmaceutical product return to Guaranteed Returns as agreed to by and between the parties.

28.     Defendant Guaranteed Returns breached the agreement by not providing Primary with the agreed refund after Guaranteed Returns accepted the pharmaceutical product return from Primary on or about August 11, 2011.

29.     WHEREFORE, premises considered, Plaintiffs demand judgment against Defendant Guaranteed Returns in the sum of $272,102.90, interest and costs.

**COUNT THREE**
**(Conversion – All Defendants)**

30.     Plaintiffs hereby incorporate all allegations and averments of paragraphs 1 through 29 as if set out in full herein.

31.    On or about August 11, 2011, defendants Guaranteed Returns and/or Teva converted to their own use without compensation to Primary the pharmaceutical product returned to them by Primary in the value of $272.102.90.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants Guaranteed Returns and Teva in the sum of $272.102.90, interest and costs.

## COUNT FOUR
### (Quantum Meruit – All Defendants)

32.    Plaintiffs hereby incorporate all allegations and averments of paragraphs 1 through 31 as if set out in full herein.

33.    Based on the past course of business of the parties, on or about August 11, 2011, Primary returned the pharmaceutical product to defendants Guaranteed Returns and Teva with the reasonable expectation that Primary would be issued a refund for that pharmaceutical product in the amount of $272.102.90.

33.    Defendants knowingly accepted the pharmaceutical product return from Primary on or about August 11, 2011.

34.    On or about August 7, 2011, Defendant Guaranteed Returns confirmed that Primary was due a refund in amount of $272.102.90.

35.    Defendant Teva subsequently accepted the return and issued a refund to another entity, Anda, Inc.

36.    Upon return by Anda, Inc. to Teva of the refund owed to Primary, Teva and Guaranteed Returns have refused to issue Primary the $272.102.90 refund owed to Primary for the return of the pharmaceutical product.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants Guaranteed Returns and Teva in the sum of $272,102.90, interest and costs.

s/ Kathryn W. Drey
Kathryn W. Drey (PET043)
Attorney for Plaintiffs

OF COUNSEL:
JONES WALKER LLP
254 State Street
Mobile, Alabama 36603
Telephone: (251)432-1414
Facsimile: (251) 433-4106
Email: kdrey@joneswalker.com

## JURY DEMAND

Plaintiffs demand trial by struck jury as to all issues triable by jury.

## SERVICE OF PROCESS

Please serve the defendants by certified mail, pursuant to *Alabama Rules of Civil Procedure* Rule 4 at the following address:

TEVA PHARMACEUTICALS USA, INC.
c/o Corporate Creations Network
6 Office Park Circle # 100
Mountain Brook Alabama 35223

The following persons are to be served via process server pursuant *to Alabama Rule of Civil Procedure* Rule 4:

TEVA PHARMACEUTICALS USA, INC.
William Marth, President
1090 Horsham Rd.
North Wales, PA 19454

DEVOS, LTD D/B/A GUARANTEED RETURNS
c/o Dean Volkes , Chief Executive Officer
100 Colin Drive
Holbrook, NY 11741
631-689-0191

This 7th day of August, 2013.

s/ Kathryn W. Drey
OF COUNSEL



## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: BABINGTON, JOSEPH**

County: **02**     Case Number: **CV-2013-902091.00**     Court Action:

Style: **PRIMARY PHARMACEUTICALS INC V. TEVA PHARMACEUTICALS USA INC ET AL**

Real Time

### Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 8/7/2013 | 12:00 AM | ---- | SCANNED - PRE TRIAL ORDER - FAST TRACK | LENZIE GEORGE |
| 8/7/2013 | 2:19 PM | ECOMP | COMPLAINT E-FILED. | PET043 |
| 8/7/2013 | 2:26 PM | FILE | FILED THIS DATE: 08/07/2013          (AV01) | AJA |
| 8/7/2013 | 2:26 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 8/7/2013 | 2:26 PM | ASSJ | ASSIGNED TO JUDGE: MICHAEL A YOUNGPETER    (AV01) | AJA |
| 8/7/2013 | 2:26 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 8/7/2013 | 2:26 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 8/7/2013 | 2:27 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 8/7/2013 | 2:27 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 8/7/2013 | 2:27 PM | C001 | C001 PARTY ADDED: PRIMARY PHARMACEUTICALS, INC. | AJA |
| 8/7/2013 | 2:27 PM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | C001 | LISTED AS ATTORNEY FOR C001: DREY KATHRYN WILBURN | AJA |
| 8/7/2013 | 2:27 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D001 | D001 PARTY ADDED: TEVA PHARMACEUTICALS USA, INC. | AJA |
| 8/7/2013 | 2:27 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D001 | PROCESS SERVE ISSUED: 08/07/2013 TO D001   (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D002 | D002 PARTY ADDED: DEVOS, LTD D/B/A GUARANTEED RETU | AJA |
| 8/7/2013 | 2:27 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D002 | PROCESS SERVE ISSUED: 08/07/2013 TO D002   (AV02) | AJA |
| 8/7/2013 | 2:27 PM | D002 | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 8/7/2013 | 2:27 PM | ETRAN | COMPLAINT - SUMMONS | |
| 8/13/2013 | 11:18 AM | STYL | PRIMARY PHARMACEUTICALS, INC. V. TEVA PHARMACEUTIC | LEG |
| 8/13/2013 | 11:18 AM | STYL | ALS USA, INC. ET AL          (AV01) | LEG |
| 8/13/2013 | 11:18 AM | TRAC | CASE ASSIGNED TO: FAST     TRACK     (AV01) | LEG |
| 8/13/2013 | 11:18 AM | DAT4 | FOR: CERT TO BE FILED ON 05/03/2014 @ 0900A (AV01) | LEG |
| 8/13/2013 | 11:18 AM | DAT4 | FOR: CERT TO BE FILED ON 05/02/2014 @ 0900A (AV01) | LEG |

 **END OF THE REPORT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>02-CV-2013-902091.00 |
|---|---|---|

## IN THE CIVIL COURT OF MOBILE, ALABAMA
## PRIMARY PHARMACEUTICALS, INC. V. TEVA PHARMACEUTICALS USA, INC. ET AL

TEVA PHARMACEUTICALS USA, INC., C/O WILLIAM MARTH 1090 HORSHAM RD., NORTH WALES, PA 19454

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY KATHRYN DREY

WHOSE ADDRESS IS PO Box 46, MOBILE, AL 36601 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
    pursuant to the Alabama Rules of the Civil Procedure

| 8/7/2013 2:19:58 PM | /s JOJO SCHWARZAUER | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested     _____
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____         _____
Date                       Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>02-CV-2013-902091.00 |
|---|---|---|

IN THE CIVIL COURT OF MOBILE, ALABAMA

PRIMARY PHARMACEUTICALS, INC. V. TEVA PHARMACEUTICALS USA, INC. ET AL

NOTICE TO _DEVOS, LTD D/B/A GUARANTEED RETURNS, C/O DEAN VOLKES 100 COLIN DRIVE, HOLBROOK, NY 11741_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY KATHRYN DREY

WHOSE ADDRESS IS PO Box 46, MOBILE, AL 36601_____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____
   pursuant to the Alabama Rules of the Civil Procedure

| 8/7/2013 2:19:58 PM | /s JOJO SCHWARZAUER | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☐ Certified mail is hereby requested   _____
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                          Server's Signature

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PRIMARY PHARMACEUTICALS .

INC •

Plaintiff(s) •

vs. • CIVIL ACTION NO. CV2013-902091

TEVA PHARMACEUTICALS • DATE COMPLAINT FILED 8-7-13

USA INC ET AL •

Defendant(s) •

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)    The date the complaint was filed;

(2) That the issues in the case have been defined and joined;

(3) That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4) That a jury trial has or has not been demanded;

(5) The expected length of the trial expressed in hours and/or days;

(6) A brief description of the plaintiff's claim;

(7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10) That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

## NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY**

a. Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b. Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c. Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. **DOCTOR, HOSPITAL AND MEDICAL RECORDS**

a. If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b. Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c. The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3. **DAMAGES**

a. All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b. Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4. **AGENCY-TIME AND PLACE-DUTY**

a. Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    **EXPERTS**

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    **DUTY TO SUPPLEMENT DISCOVERY**

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    **MOTIONS GENERALLY**

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    **CONFLICTS**

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the ___7___ day of ___AUGUST, 2013___

Charles A. Graddick, Presiding Circuit Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PRIMARY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: CV-13-441 |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., DEVIS, LTD D/B/A GUARANTEED RETURNS, INC., and FICTITIOUS PARTIES A-B, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

## EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PRIMARY PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number: _____ |
| TEVA PHARMACEUTICALS USA, INC., DEVOS, LTD D/B/A GUARANTEED RETURNS, INC., and FICTITIOUS PARTIES A-B, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## CONSENT TO REMOVAL

COMES NOW defendant Devos, Ltd. d/b/a Guaranteed Returns ("Devos"), by and through its undersigned counsel, and with full reservation of all rights and defenses, hereby consents to removal of this action, which was filed in the Circuit Court of Mobile County, Alabama, and styled *Primary Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, 02-CV-2013-902091.00, to the United States District Court for the Southern District of Alabama, Southern Division. In consenting to this removal, Devos expressly reserves all rights and defenses that it may have, and in no way waives any such rights or defenses.

Respectfully submitted this 5th day of September, 2013.

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
Tony G. Dulgerian, Esq.
*Attorneys for Deft. Devos, Ltd. d/b/a Guaranteed Returns*
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Tel.: (516) 296-7081
Fax: (516) 296-7111